**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 11-cv-03275-WJM-KMT

BOND SAFEGUARD INSURANCE COMPANY,

    Plaintiff,

v.

RIDGEVIEW DEVELOPMENT, LLC,
SWAT I, LLC,
ROCOLO I, LLC,
MARK MORLEY,
SUSAN MORLEY,
CARMEL O'SULLIVAN,
ROBIN L. MORLEY a/k/a ROBIN MORLEY, and
JIM MORLEY a/k/a JAMES MORLEY a/k/a JAMES F. MORLEY

    Defendants.

---

**AMENDED[1] ORDER GRANTING PLAINTIFF'S MOTION FOR RULING AND MOTION ENTRY OF DEFAULT JUDGMENT AGAINST ALL DEFENDANTS**

---

Plaintiff Bond Ridgeview Insurance Company ("Plaintiff") brings this action against Defendants Ridgeview Development, LLC, SWAT I, LLC, ROCOLO I, LLC, Mark Morley, Susan Morley, Carmel O'Sullivan, Robin Morley, and Jim Morley (collectively "Defendants") arising out of an indemnity agreement signed by all parties. (ECF No. 1.)  Before the Court is Plaintiff's Motion for Entry of Default Judgment Against All Defendants (the "Motion").  (ECF No. 22.)

For the reasons set forth below, Plaintiffs' Motion for Entry of Default Judgment is granted.

---

[1] The original order issued on September 28, 2012 is amended to accurately recite the name of Plaintiff's Motion.

## I. LEGAL STANDARD

Default must enter against a party who fails to appear or otherwise defend a lawsuit. Fed. R. Civ. P. 55(a). Pursuant to Rule 55(b)(1), default judgment must be entered by the clerk of court if the claim is for "a sum certain"; in all other cases, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). "[D]efault judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection." *In re Rains*, 946 F.2d 731, 732-33 (10th Cir. 1991) (internal quotation marks and citation omitted).

Further, "a party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the 'sound judicial discretion' of the court." *Greenwich Ins. Co. v. Daniel Law Firm*, No. 07-cv-2445, 2008 WL 793606, at *2 (D. Colo. Mar. 22, 2008) (internal citation omitted). Before granting a motion for default judgment, the Court must take several steps. First, the Court must ensure that it has personal jurisdiction over the defaulting Defendants and subject matter over the action. *See Williams v. Life Sav. & Loan*, 802 F .2d 1200, 1202-03 (10th Cir. 1986). Next, the Court should consider whether the well-pleaded allegations of fact—which are admitted by Defendants upon default—support a judgment on the claims against the defaulting Defendants. *See Federal Fruit & Produce Co. v. Red Tomato, Inc.*, Civ. Action No. 08-cv-0114-RPM-MEH, 2009 WL 765872, *3 (D. Colo. March 20, 2009) ("Even after entry

of default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment.") (citations omitted). "In determining whether a claim for relief has been established, the well-pleaded facts of the complaint are deemed true." *Id.* (citing Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc., 722 F.2d 1319, 1323 (7th Cir. 1983)). Once the Court is satisfied that default judgment should be entered, it has the discretion to hold a hearing to determine the amount of damages. *See* Fed. R. Civ. Pro. 55(b)(2). Generally, a damages hearing is not needed when the damages requested are for a sum certain. *See United States v. Craighead*, 176 F. App'x 922, 925 (10th Cir. 2006).

## II. BACKGROUND

Plaintiff initiated this action by filing a Complaint on December 13, 2011. (ECF No. 1.) The Complaint alleges that Defendants entered into an Indemnity Agreement ("Agreement") with Plaintiff on September 18, 2003. (*Id.* ¶ 26.) In reliance upon the Agreement, Plaintiff, as surety, issued bonds naming Defendants Ridgeview, SWAT I, LLC, and ROCOLO I, LLC as the principal. (*Id.* ¶ 27.) Plaintiff alleges that Defendants failed to pay premiums on the bonds and failed to indemnify Plaintiff for amounts it paid out on behalf of the Defendants. (*Id.* ¶¶ 31-33.)

Plaintiff brings the following claims against Defendants: (1) breach of indemnity agreement; (2) claim on surety's equitable rights; (3) open account; (4) unjust enrichment; and (5) implied contract. (*Id.* ¶¶ 36-74.) Plaintiff seeks damages in an amount to be proven at trial, attorneys' fees, costs, expenses, and interest. (*Id.* p. 9.)

Between December 21, 2011 and December 23, 2011, all Defendants were served with, amongst other papers, a Summons, a copy of the Complaint, and the Agreement. (ECF Nos. 5-12; 22 at 1-2.) After Defendants failed to answer or otherwise defend against this action, upon Plaintiff's Motion, the Clerk entered default against all Defendants. (ECF Nos. 13-15 & 19-21.) Plaintiff filed its Motion for Entry of Default Judgment Against All Defendants on May 24, 2012. (ECF No. 22.)

The Court has reviewed the motion, the exhibits and affidavits, and the applicable law, and is sufficiently advised on the issues involved.

### III.  ANALYSIS

**A.    Jurisdiction**

The Court finds that jurisdiction exists in this case pursuant to 28 U.S.C. § 1332 (diversity of citizenship) because the parties are of diverse citizenship and the matter in controversy exceeds $75,000, exclusive of interest and costs. Defendants either reside in Colorado (for the individual Defendants) or are registered to do business in Colorado (for the institutional Defendants). (Compl. ¶¶ 3-23.) Accordingly, the Court finds that it has personal jurisdiction over all Defendants.

**B.    Plaintiff's Claims**

Plaintiff alleges that Defendants breached the Agreement by failing to pay premiums on the bonds and failing to indemnify Plaintiff for amounts it paid out on behalf of Defendants.[2] (Compl. ¶¶ 37-44.) The elements for a breach of contract claim

---

[2] Although Plaintiff's Complaint brings five causes of action, the Court will address only the first claim—breach of Indemnity Agreement—because Plaintiff is entitled to recover all of the damages it seeks based on this claim alone.

in Colorado[3] are: (1) existence of a contract; (2) performance by plaintiff or some justification for nonperformance; (3) failure to perform contract by defendants; and (4) damages to plaintiff. *Western Distributing Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992).

Taking the facts pled in Plaintiff's Complaint as true, the Court finds that Plaintiff has established that Defendants' breached the Agreement. Plaintiff has shown that each Defendant signed the written Agreement; that Plaintiff satisfied its obligations under the Agreement by providing the bonds; that Defendants did not make the payments required by the Agreement; and that Plaintiff suffered damages as a result of Defendants' actions. Therefore, the Court finds that Plaintiff is entitled to recover damages on its claim for breach of the Indemnity Agreement.

## C.     Default Judgment for Sum Certain Damages

The Court further finds that a default judgment should be entered for the sum certain damages that Plaintiff seeks. Actual proof must support any default judgment for money damages. *See Klapprott v. U.S.*, 335 U.S. 601, 611-12 (1949). Moreover, the amount of damages must be ascertained before a final default judgment can be entered against a party. *See Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D. Colo. 1984) (citing 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure: Civil § 2692 at 465–66 (1983)). Here, Plaintiff has supplied an affidavit showing that it is entitled to recover $36,612.00 in unpaid bond premiums and $ 451,280.00 paid to Defendants' obligees and creditors under the bonds. (ECF No. 22-5 ¶ 8.)

---

[3] Because the Court has diversity jurisdiction over this matter, it applies Colorado law to Plaintiff's claims. *See Klaxon Co. V. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496 (1941).

Accordingly, default judgment shall be entered for the sum certain damages described above.

**D.   Attorneys' Fees and Costs**

Plaintiff also seeks an award of attorneys' fees, costs, and expenses. (ECF No. 1 p 9.) Federal Rule of Civil Procedure 54(d) provides that costs, other than attorney fees, should be awarded to a prevailing party, and 28 U.S.C. § 1920 provides that such an award is to be made upon the filing of a bill of costs. The Agreement provides that Defendants will indemnify Plaintiff for all expenses incurred as a consequence of the execution of the bonds, including attorneys' fees. (ECF No. 1-1 ¶ 2.) Therefore, Plaintiff has shown that it is entitled to recover the attorneys' fees and costs that it seeks.

Plaintiff seeks attorneys' fees in the amount of $2,687.50, which is 11.6 hours at the partner rate of $200.00 per hour and 2.30 hours at the associate rate of $175.00 per hour. (ECF No. 22-6 ¶ 2.) The Court finds that both the rate and the number of hours expended are reasonable. Thus, the Court finds that Plaintiff is entitled to recover the full amount of attorneys' fees requested.

Plaintiff also seeks award of $ 475.00 in costs—$350.00 for the federal court filing fee and $125.00 to effectuate service on the Defendants. The Court again finds that this amount is reasonable and that Plaintiff has established that it is entitled to recover this amount.

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Motion for Entry of Default Judgment Against All Defendants (ECF No. 22) is GRANTED;

2. As the Court has now ruled on its Motion for Entry of Default Judgment, Plaintiff's Emergency Request for Ruling on Motion of Default Judgment (ECF No. 23) is DENIED as moot;

3. The Clerk shall enter judgment in favor of Plaintiff and against all Defendants in the amount of $491,054.50 plus post-judgment interest.

Dated this 1st day of October, 2012.

BY THE COURT:

William J. Martínez
United States District Judge